J-S29009-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENNETH LYNELL TERRY | : | |
| | : | |
| Appellant | : | No. 1130 WDA 2024 |

Appeal from the PCRA Order Entered August 16, 2024
In the Court of Common Pleas of Lawrence County Criminal Division at
No(s): CP-37-CR-0000444-2021

BEFORE: NICHOLS, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY NICHOLS, J.: **FILED: October 15, 2025**

Appellant Kenneth Lynell Terry appeals from the order that denied his first Post Conviction Relief Act[1] (PCRA) petition. Appellant argues that trial counsel was ineffective, that the Commonwealth committed a ***Brady***[2] violation, and that the cumulative effects of trial counsel's errors require a new trial. After review, we affirm.

A prior panel of this Court set forth the relevant factual history of this case as follows:

> On May 26, 2021, law enforcement for Lawrence County was contacted by the management of . . . an extended stay hotel in Union Township, Lawrence County, Pennsylvania. The management reported possible drug-related activity on the premises. The management became suspicious upon witnessing a large amount of foot traffic coming and going, specifically from

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] ***See Brady v. Maryland***, 373 U.S. 83 (1963).

Rooms 110, 111, and 202. Records supplied by the management indicated that these rooms were rented by individuals giving the names Bob Marley, Giovanni Johnson, and Angela Ragen, respectively. The rooms were paid for with cash.

Detective Richard Ryhal viewed historical surveillance and conducted live surveillance from the view of the camera placed in the hallway of Rooms 110 and 111, the doors to which were located across from each other. As a result of his surveillance, Detective Ryhal observed multiple individuals arriving at Room 111, entering, staying inside for a few minutes, and then leaving Room 111 and the hotel. Further, a black male was observed walking between Rooms 110 and 111 between the visits of the individuals. The black male was seen carrying various items, including ice and cooking utensils. As Detective Ryhal testified, the totality of these observations is consistent with an indication of narcotics dealing. A search warrant was consequently applied for and granted at approximately 5:30 P.M. on May 26, 2021.

At approximately 6:45 P.M. on May 26, 2021, law enforcement made entry into the hallway of Rooms 110 and 111 at [the hotel] in order to execute the aforementioned search warrant. Simultaneously, [Appellant] and his co-defendant [Keyon Lee] appeared in the doorway of Room 111 and spotted law enforcement entering. [Appellant]] and [Lee] then attempted to flee down the opposite end of the "L"-shaped hallway. Unbeknownst to [Appellant], law enforcement had entered on both ends of the hallway, and [Appellant] and [Lee] were quickly detained. A variety of bills were observed being discarded as the duo fled, however neither law enforcement nor the surveillance footage could definitively attribute the abandoned currency specifically to [Appellant] or [Lee]. On [Appellant's] person at the time of his arrest was $28.00 in cash, a cell phone, a handheld video game player, and three room keys (two for Room 202, one for Room 111). Paperwork containing [Appellant's] name was discovered in Room 202, however this was the only property specifically attributable to [Appellant] from the three rooms searched.

Inside Room 110, law enforcement recovered 56.3 gross grams of suspected crack cocaine; $51,836.00 in cash; a cell phone; a smart watch; a bag of suspected marijuana; and two spoons covered in suspected cocaine residue.

Inside Room 111, law enforcement recovered three bags of suspected heroin, totaling 64 gross grams; two bags of suspected crack cocaine, totaling 44.2 grams; a digital weigh scale; a handgun; a bag of suspected marijuana; and multiple cell phones.

Inside Room 202, law enforcement recovered a blender with suspected drug residue; a foil pan; $60,000.00 in cash; and the aforementioned paperwork containing [Appellant's] name.

*Commonwealth v. Terry*, 78 WDA 2023, 2023 WL 5662782, at *1-2 (Pa. Super. filed Sep. 1, 2023) (*Terry I*) (unpublished mem.) (some formatting altered).

Following a jury trial, Appellant was convicted of four counts of possession of a controlled substance with intent to deliver (PWID)[3] and one count of possession of drug paraphernalia.[4] On August 19, 2022, the trial court sentenced Appellant to an aggregate sentence of eight to sixteen years of incarceration. Appellant filed post-sentence motions that were denied, and Appellant filed a timely direct appeal. On appeal, a prior panel of this Court affirmed Appellant's judgment of sentence in all respects except for the amount of restitution and mandatory court costs. Accordingly, the matter was remanded for the trial court to calculate the amount of restitution and costs, and the trial court subsequently amended its order imposing costs and restitution.

Appellant filed a timely *pro se* PCRA petition on January 4, 2024. The PCRA court appointed Dennis W. McCurdy, Esq., as counsel and Attorney

---

[3] 35 P.S. § 780-113(a)(30).

[4] 35 P.S. § 780-113(a)(32).

McCurdy filed an amended PCRA petition. The PCRA court held a hearing on Appellant's amended PCRA petition on July 30, 2024. On August 16, 2024, the PCRA court filed an order denying Appellant's amended PCRA petition, and on that same date, the PCRA court filed an opinion supporting the order denying Appellant's amended PCRA petition.

On September 9, 2024, Attorney McCurdy filed a motion to withdraw as Appellant's PCRA counsel. The PCRA court entered an order removing Attorney McCurdy and appointing Michael F. Yagercik, Esq. (current counsel) to represent Appellant. Current counsel filed a timely notice of appeal on September 11, 2024.[5] The record does not reflect that the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On November 15, 2024, the PCRA court filed an order stating that pursuant to Pa.R.A.P. 1925(a), the reasons supporting its decision to deny Appellant's amended PCRA petition were set forth in its August 16, 2024 opinion.

On appeal, Appellant raises the following issues, which we have renumbered as follows:

1. Whether trial counsel was ineffective for failing to adequately investigate and challenge the existence of an undisclosed witness?

---

[5] Appellant filed a *pro se* notice of appeal on September 12, 2024, that was filed at Superior Court docket 1128 WDA 2024. On October 15, 2024, this Court dismissed Appellant's *pro se* appeal at 1128 WDA 2024 as duplicative of the instant appeal at 1130 WDA 2024.

2. Whether trial counsel was ineffective for failing to call the Appellant's co-defendant as a witness?

3. Whether the [PCRA] court erred by failing to address the Appellant's argument that the Commonwealth violated **Brady** by failing to disclose the existence of an interviewed witness prior to trial?

4. Whether the PCRA court erred in denying [A]ppellant's amended petition for post-conviction relief [based on trial counsel's cumulative errors]?

Appellant's Brief at 8 (some formatting altered).

In reviewing an order denying a PCRA petition, our standard of review is well settled:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

**Commonwealth v. Staton**, 184 A.3d 949, 954 (Pa. 2018) (citation and quotation marks omitted). A PCRA petitioner "has the burden to persuade this Court that the PCRA court erred and that such error requires relief." **Commonwealth v. Wholaver**, 177 A.3d 136, 144-45 (Pa. 2018) (citations omitted).

Appellant's first and second issues are related and we address them together. Appellant first argues that trial counsel was ineffective for failing to investigate and challenge an undisclosed witness whose existence was revealed during Detective Ryhal's testimony. **See** Appellant's Brief at 17.

- 5 -

Second, Appellant contends that trial counsel was ineffective for failing to call Appellant's co-defendant as a witness at trial. *See id.* at 19-20. Appellant asserts that Appellant's co-defendant could have provided potentially exculpatory testimony. *See id.* at 20.

It is well settled that

[c]ounsel is presumed to be effective and it is a petitioner's burden to overcome this presumption by a preponderance of the evidence. To succeed on a claim of ineffective assistance of counsel, a petitioner must establish three criteria: (1) that the underlying claim is of arguable merit; (2) that counsel had no reasonable basis for his or her action or inaction; and (3) that petitioner was prejudiced as a result of the complained-of action or inaction. The failure to satisfy any one of these criteria is fatal to the claim. To establish prejudice in the context of this standard, a petitioner must establish that there is a reasonable probability that the result of the proceeding would have been different but for the complained-of conduct.

*Commonwealth v. Thomas*, 323 A.3d 611, 620-21 (Pa. 2024) (citations omitted).

To prevail on a claim of trial counsel's ineffectiveness for failure to call a witness, the [appellant] must show: (1) that the witness existed; (2) that the witness was available; (3) that counsel was informed of the existence of the witness or should have known of the witness's existence; (4) that the witness was prepared to cooperate and would have testified on appellant's behalf; and (5) that the absence of the testimony prejudiced appellant.

Thus, trial counsel will not be found ineffective for failing to **investigate or call** a witness unless there is some showing by the appellant that the witness's testimony would have been helpful to the defense. A failure to call a witness is not *per se* ineffective assistance of counsel for such decision usually involves matters of trial strategy.

- 6 -

***Commonwealth v. Brown***, 767 A.2d 576, 581–82 (Pa. Super. 2001)

(citations omitted and some formatting altered) (emphasis added).

Here, the PCRA court addressed Appellant's first two claims as follows:

[Appellant's] argument as to ineffective assistance of counsel fails, in that [Appellant] has not provided the identity of this alleged witness nor has he established said witness was available and willing to testify on his behalf. Moreover, [Appellant] did not present anything to establish the alleged substance of the witness's testimony and how that would have been beneficial to the defense. As such, [Appellant] has failed to prove any form of prejudice from the absence of the missing witness, or [that] the outcome would have been different had the missing witness testified at trial. . . .

Similarly, [Appellant] has not provided any evidence of record his co-defendant was willing to testify on his behalf at trial. In fact, the co-defendant would have had additional considerations such as his right against self-incrimination to consider while deciding whether to testify. [Appellant] could have called his co-defendant to testify in relation to the current [petition] for [PCRA] relief to establish his willingness to testify but he failed to do so. Additionally, [Appellant] did not present evidence demonstrating the testimony of his co-defendant would have altered the outcome at trial. . . .

PCRA Ct. Op., 8/16/24, at 8-9.

After review, we conclude that the PCRA court's findings are supported by the record and that its conclusions of law are free from legal error. ***See Staton***, 184 A.3d at 954. As stated above, in order to prove ineffective assistance of counsel, Appellant is required to establish prejudice, which is a "reasonable probability that the result of the proceeding would have been different but for the complained-of conduct." ***See Thomas***, 323 A.3d at 621. Here, Appellant first argues only that an undisclosed witness may have been

a "potentially relevant witness," and second, that calling Appellant's co-defendant may have provided "potentially exculpatory testimony." **See** Appellant's Brief at 17-20. Appellant's arguments are merely speculative, and we agree with the PCRA court that Appellant's first two issues fail to establish a reasonable probability of a different result. **See** PCRA Ct. Op., 8/16/24, at 8-9. Therefore, Appellant has failed to establish prejudice. **See Thomas**, 323 A.3d at 620-21. Accordingly, Appellant is not entitled to relief on his first two claims. **See id.** at 621 (providing that the failure to satisfy any one of the three prongs of the test for ineffective assistance of counsel is fatal to the claim).

Next, Appellant argues that the Commonwealth committed a **Brady** violation when the Commonwealth failed to disclose the existence of a witness prior to trial and that the PCRA court erred in failing to address this claim. **See** Appellant's Brief at 20-21. Appellant contends that "[t]he existence of an interviewed witness, not disclosed prior to trial, could potentially constitute **Brady** material[, i]f this witness had information favorable to . . . Appellant[.]" **Id.** at 21.

We note that a **Brady** claim is cognizable on collateral appeal. **See Commonwealth v. Simpson**, 66 A.3d 253, 264 n.16 (Pa. 2013). Pursuant to **Brady**, the Commonwealth is required to turn over favorable evidence to the defendant when it is material to either the guilt or sentencing phase. **Commonwealth v. King**, 271 A.3d 437, 445 (Pa. Super. 2021) (citing **Brady**, 373 U.S. at 87). To establish a **Brady** violation, the defendant has

the burden of proving: "(1) the evidence at issue was favorable to the accused, either because it is exculpatory or because it impeaches; (2) the evidence was suppressed by the prosecution, either willfully or inadvertently; and (3) prejudice ensued." *Id.* at 442 n.4 (citation omitted); *see also Commonwealth v. Murray*, 174 A.3d 1147, 1152 (Pa. Super. 2017) (explaining that defendant bears the burden of proving these three factors).

Here, Appellant argues that there was a witness who was interviewed but not disclosed to the defense.[6] *See* Appellant's Amended PCRA Pet., 4/26/24, at 2; Appellant's Brief at 20-21. However, Appellant has not argued or even alleged that this witness possessed evidence favorable to the defense, that the evidence was suppressed by the Commonwealth, or that Appellant suffered prejudice. Accordingly, Appellant has failed to sustain his burden in establishing a *Brady* violation, and we discern no error by the PCRA court in denying relief on this claim. *See King*, 271 A.3d at 442, n.4; *Murray*, 174 A.3d at 1152; *see also Staton*, 184 A.3d at 954.

_____

[6] Regarding Appellant's statement that the PCRA failed to address Appellant's claim of a *Brady* violation, we note that the PCRA court specifically concluded Appellant "has not provided the identity of [the] alleged witness nor has he established said witness was available and willing to testify on his behalf. Moreover, [Appellant] did not present anything to establish the alleged substance of the witness's testimony and how that would have been beneficial to the defense." PCRA Ct. Op., 8/16/24, at 8. Further, although the PCRA court did not provide a more detailed discussion concerning Appellant's *Brady* claim, as noted above, the PCRA court denied Appellant's PCRA petition, and it is well settled that this Court may affirm the PCRA court on any correct basis. *Commonwealth v. Elliott*, 249 A.3d 1190, 1193 n.3 (Pa. Super. 2021).

In his final issue, Appellant argues that "the [PCRA court's] reasoning in rejecting the claims of ineffective assistance was flawed and not supported by the record." Appellant's Brief at 16. Appellant contends "that the cumulative impact of trial counsel's errors undermined the truth-determining process and warrants relief under the PCRA." *Id.*

Following our review of Appellant's brief, we conclude that Appellant's claim is completely undeveloped and, for that reason, Appellant's remaining issue is waived.[7] *See Commonwealth v. Samuel*, 102 A.3d 1001, 1005 (Pa. Super. 2014) (finding a claim waived for lack of development); *Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. 2014) (reiterating that where a petitioner "fails to meaningfully discuss each of the three ineffectiveness prongs, [the petitioner] is not entitled to relief, and we are constrained to find such claims waived for lack of development" (citations and quotation marks omitted)).

In sum, we conclude that the PCRA court's determination is supported by the record and free of legal error. *See Staton*, 184 A.3d at 954. Therefore, Appellant is not entitled to relief. For these reasons, we affirm.

Order affirmed. Jurisdiction relinquished.

---

[7] In any event, because we conclude that Appellant is not entitled to relief on any of his preceding claims of error, no relief is due on his cumulative claim. *See Commonwealth v. Saylor*, 308 A.3d 869, 879 (Pa. Super. 2024) (stating that "[n]o number of failed claims may collectively warrant relief if they fail to do so individually" (citation omitted)).

- 10 -

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

10/15/2025